# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | | |
|---|---|---|
| CARL WILLIAMS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CR422-138 |
| | ) | |
| | ) | |
| UNITED STATES OF | ) | |
| AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Carl Williams pleaded guilty to one count of possession of ammunition by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See* doc. 68 at 1 (Judgment). He was sentenced to thirty-one months of incarceration and a three-year term of supervised release. *See id.* at 2-3. He did not appeal. *See generally* docket; *see also* doc. 89 at 3. He now moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. 89. Preliminary review, pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, shows that his Motion should be **DISMISSED**. Doc. 89; Rule 4(b), Rules Governing Section 2255 Proceedings ("If it plainly appears from the motion, any attached

1

exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . .").

Williams' Motion asserts two grounds for relief. *See* doc. 89 at 5-6. First, he asserts that his trial counsel provided ineffective assistance because, although he expressly recognized the possibility of a constitutional challenge to § 922(g), he did not raise that challenge. *Id.* at 5. Second, Williams asserts that § 922(g)(1) "is unconstitutional as applied to [him] because his prior conviction was for a non-violent offense." *Id.* at 6. Neither ground was presented on direct appeal "because of ineffective assistance of counsel and because of a recent change in the law." *Id.* at 10. Williams' brief, submitted in support of his Motion, suggests that though it formally asserts two grounds, "in fact, there is only one claim: that his trial counsel was ineffective for failing to raise an as applied challenge to Section 922(g)(1), on which he would have prevailed." Doc. 89-1 at 4. While the Court accepts that the two claims are linked, perhaps inextricably so, they are subject to distinct analyses. Moreover, this Court has an obligation to resolve all claims for relief. *See, e.g., Siler v. United States*, 852 F. App'x 490, 493 (11th Cir. 2021); *see also Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992). The Court, therefore,

discusses each claim separately. Because of the distinct analyses applicable to the two claims, the Court begins by discussing the constitutional challenge to § 922(g)(1) and then the ineffective assistance claim.

Ground Two, the underlying challenge to the constitutionality of 18 U.S.C. § 922(g)(1), is procedurally defaulted. The Eleventh Circuit has explained the related doctrines of "procedural bar" and "procedural default" in the context of § 2255 motions. *See Seabrooks v. United States*, 32 F.4th 1375, 1383-84 (11th Cir. 2022). *Seabrooks* explained:

> The terms 'procedurally barred' and 'procedurally defaulted' have distinct meanings. A procedural bar prevents a defendant from raising arguments in a § 2255 proceeding that he raised and [the Court of Appeals] rejected on direct appeal. [Cit.] A defendant can overcome a procedural bar when . . . there is an intervening change in law. [Cit.]
>
> By contrast, a 'procedural default' occurs when a defendant raises a new challenge to his conviction or sentence in a § 2255 motion. [Cit.] If a defendant fails to raise an issue on direct appeal, he may not present the issue in a § 2255 proceeding unless his procedural default is excused. [Cit.] To overcome a procedural default, a defendant must show either (1) cause and prejudice, or (2) a miscarriage of justice, or actual innocence. [Cit.]

*Id.* (citations omitted).

In the Eleventh Circuit, under the procedural default rule, "a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011) (internal citation and punctuation omitted). The procedural default rule "'is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments.'" *Id.* (quoting *Massaro v. United States*, 538 U.S. 500, 504 (2003)). Courts have also recognized that constitutional challenges can be procedurally defaulted. *See, e.g., United States v. Hernandez*, 497 F. Supp. 3d 548, 550-51 (N.D. Cal. 2020) (noting "circuit courts have . . . held or at least suggested that a constitutional challenge to a statute can still be procedurally defaulted," and collecting cases).

A showing of "cause and prejudice" can overcome a defendant's default. *McKay*, 657 F.3d at 1196. More specifically, a defendant can overcome "application of the procedural default bar by 'show[ing] cause for not raising the claim of error on direct appeal *and* actual prejudice

from the alleged error.'" *Id.* (quoting *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) (alteration and emphasis in original)). To show cause to excuse procedural default, a defendant must show that "some objective factor external to the defense prevented [the defendant] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [the defendant's] own conduct." *Lynn*, 365 F.3d at 1235. The movant bears the burden of showing cause and prejudice to excuse a procedural default. *See Hill v. United States*, 569 F. App'x 646, 647 (11th Cir. 2014) (citing *Sullivan v. Wainwright*, 695 F.2d 1306, 1310 (11th Cir. 1983)).

Williams' assertion that his trial counsel provided ineffective assistance and that there has been a recent change in the law both bear on whether he can show cause for his procedural default. "Ineffective assistance of counsel may satisfy the cause exception to a procedural bar[,]" but the ineffective assistance claim must have merit. *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000). As discussed below, Williams' ineffective assistance claim fails on its merits. It, therefore, does not provide cause to excuse his procedural default of his constitutional challenge. "The novelty of a claim may [also] constitute

cause for excusing [a] procedural default, but only when the claim is truly novel, meaning that its legal basis [was] not reasonably available," during a direct appeal. *United States v. Bane*, 948 F.3d 1290, 1296-97 (11th Cir. 2020). Williams points to the Supreme Court's opinion in *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022), as "the sea change" that underlies his claim. *See* doc. 89-1 at 5. However, *Bruen* was decided on June 23, 2022, before Williams was indicted and more than a year before judgment entered in this case. *Compare* 597 U.S. at 1, *with* doc. 1 (Indictment entered September 8, 2022), doc. 68 (Judgment entered July 7, 2023). Thus, to the extent that *Bruen* arguably provides the legal basis for Williams' constitutional challenge, there is no plausible argument it was not "reasonably available," to Williams during the guilt phase of proceedings against him. *Cf. Bousley v. United States*, 523 U.S. 614, 623 (1998) ("futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time."). Williams, therefore, cannot discharge his burden to excuse the procedural default of his constitutional challenge.

Even if Williams' claim that § 922(g) violates his Second Amendment rights were not procedurally defaulted, it fails on its merits.

Movant's brief argues that, under the rubric for analyzing restrictions on firearms possession established in *Bruen*, § 922(g) is unconstitutional, as applied to him, because "[t]he government cannot show that Mr. Williams's 'predicate offense was, by Founding era standards, of a nature serious enough to justify permanently depriving him of his fundamental Second Amendment rights.'"  Doc. 89-1 at 8 (quoting *United States v. Duarte*, 101 F.4th 657, 691 (9th Cir. 2024)).  However, Williams candidly "acknowledges that controlling Eleventh Circuit case law does not support his claim."  *Id.* at 5.  That concession, and this Circuit's controlling precedents, are fatal to his claim.[1]

As Williams points out "[i]n *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010), the Eleventh Circuit . . . held that 'statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment.'"  Doc. 89-1 at 5 (quoting *Rozier*, 598 F.3d at 771).  He further concedes that, after *Bruen*, the Eleventh Circuit expressly rejected the argument that it abrogated *Rozier*'s holding.  *Id.* (citing *United States v. Dubois*, 94 F.4th 1284, 1293 (11th Cir. 2024)).  He

---

[1] Additionally, the Ninth Circuit recently vacated the three-judge panel's opinion in *United States v. Duarte*, on which Williams relied, and ordered that the case be reheard en banc.  *See United States v. Duarte*, ___ F.4th ___, 2024 WL 3443151, at *1 (9th Cir. July 17, 2024).

does not, however, acknowledge that the Eleventh Circuit's rejection of the argument that *Bruen* alters the authority of *Rozier* was absolutely unequivocal: "*Bruen* did not abrogate *Rozier*." *Dubois*, 94 F.4th at 1293. He also does not acknowledge that, since *Dubois*, the Court of Appeals has reaffirmed its determination repeatedly and emphatically. *See United States v. Dunlap,* 2024 WL 2176656, at *2 (11th Cir. May 15, 2024) ("[O]ur binding precedent from *Rozier*, holding that § 922(g)(1) is constitutional, and *Dubois*, confirming the constitutionality of § 922(g)(1) post-*Bruen*, conclusively forecloses [defendant's] argument [that § 922(g)(1) violates the Second Amendment]. [Cit.] Further, § 922(g)(1) is consistent with the text and history of the Second Amendment and is constitutionally sound."); *see also United States v. Causey*, 2024 WL 3102872, at *3 (11th Cir. June 24, 2024); *United States v. Calixte*, 2024 WL 3043461, at *2 (11th Cir. June 18, 2024); *United States v. Kirby*, 2024 WL 2846679, at *1 (11th Cir. June 5, 2024) (holding that the argument "that 18 U.S.C. § 922(g)(1) violates the Second Amendment . . . is foreclosed by our binding precedents."); *United States v. Lopez*, 2024 WL 2032792, at *1-*2 (11th Cir. May 7, 2024); *United States v. Jones*, 2024 WL 1554865, at *2 (11th Cir. Apr. 10, 2024); *United States v. Coleman*,

2024 WL 1156270, at *4 (11th Cir. Mar. 18, 2024).  Most recently, the Court of Appeals reaffirmed its opinion that § 922(g)(1) remains constitutionally sound in light of the Supreme Court's opinion in *United States v. Rahimi*, 602 U.S. ___, 144 S. Ct. 1889 (2024).  *See United States v. Johnson*, 2024 WL 3371414, at *3 (11th Cir. July 11, 2024) (noting that, in *Rahimi*, the Supreme Court "once again declared that the prohibition on the possession of firearms by felons is presumptively lawful." (internal quotation marks, alterations, and citation omitted)).  Thus, even if the binding authority Williams concedes were not sufficient to reject his argument—and it is—the Court would be left with the overwhelming and unequivocal persuasive authority cited above.  The law in this Circuit, established in *Rozier*—that "statutory restrictions on firearm possession, such as § 922(g)(1), are a constitutional avenue to restrict the Second Amendment right of certain classes of people," and felons "fall[ ] within such a class," 598 F.3d at 771—remains unaltered by both *Bruen* and *Rahimi*.  Ground Two, therefore, fails on its merits.

Ground One, Williams' claim that his trial counsel provided ineffective assistance for failing to challenge the constitutionality of § 922(g)(1), is not procedurally defaulted.  *See, e.g., Massaro v. United*

*States,* 538 U.S. 500, 509 (2003) (holding "that failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255."). "To prevail on a claim of ineffective assistance of counsel, a prisoner must prove that his counsel rendered deficient performance and that he was prejudiced by the deficient performance." *Castillo v. United States*, 816 F.3d 1300, 1303 (11th Cir. 2016) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "The reasonableness of counsel's performance is an objective inquiry[,]" and "for a petitioner to show that the conduct was unreasonable, a petitioner must establish that no counsel would have taken the action that his counsel did take." *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000). As to the prejudice prong, a defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694; *see also Butcher v. United States*, 368 F.3d 1290, 1293 (11th Cir. 2004) ("[A]ttorney errors come in

an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial.  That the errors had some *conceivable* effect on the outcome of the proceeding is insufficient to show prejudice." (internal cites and quotations omitted) (emphasis added)).

Williams argues that his counsel was ineffective for failing to challenge the constitutionality of § 922(g)(1), as applied to him, at trial. *See* doc. 89-1 at 4.  However, as discussed above, any such argument would have been contrary to established Eleventh Circuit precedent.  To be sure, when Williams was sentenced, *see* doc. 68 (judgment entered July 7, 2023), a glimmer of hope for the argument might have remained, which was only definitively extinguished in *Dubois*.  However, even before *Dubois*, *Rozier* remained controlling.  The argument that Williams would have had his trial counsel raise, therefore, would have required a change in the law to succeed.

"It is well settled that failure to anticipate a change in the law will not support a claim for ineffective assistance of counsel.  [Cit.]  The rule applies even if the claim, based upon anticipated changes in the law, was reasonable available when counsel failed to raise it." *Giddens v. United States*, 579 F. App'x 959, 960 (11th Cir. 2014) (citing *United States v.*

*Ardley*, 273 F.3d 991, 993 (11th Cir. 2001) (Carnes, J. concurring in the denial of rehearing en banc); *Pitts v. Cook,* 923 F.2d 1568, 1572-74 (11th Cir. 1991)); *see also Steiner v. United States*, 940 F.3d 1282, 1293 (11th Cir. 2019) ("An attorney's failure to anticipate a change in the law does not constitute ineffective assistance.").  As Judge Carnes explained in *Ardley*, "it is not ineffective assistance for an attorney to fail to foresee a change in the law . . . even when the change is such that the forfeited issue was, in hindsight, a sure fire winner." *Ardley*, 273 F.3d at 993.  Given the track record discussed above, the argument that Williams urges his counsel was ineffective for failing to raise was, and remains, anything but a "sure fire winner."  Williams cannot establish that no reasonable counsel would have declined to challenge the constitutionality of § 922(g), in light of *Rozier*.  Ground One of Williams' Motion, therefore, fails on its merits.

As Williams recognizes, his claims, whether considered conjointly or separately, depend upon the merits of his underlying challenge to the constitutionality of § 922(g)(1).  *See* doc. 89-1 a 4 ("[T]here is only one claim: that his trial counsel was ineffective for failing to raise an as[-]applied challenge to Section 922(g)(1), *on which he would have*

*prevailed*." (emphasis added)).  As explained above, given the current thoroughly and unequivocally established law in this Circuit, that challenge is meritless.  Therefore, Ground One of Williams' Motion fails on the merits.  Ground Two is both procedurally defaulted and fails on the merits.  Therefore, Williams' Motion should be **DISMISSED**.  Doc. 89.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either.  28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate

Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 24th day of July, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA