IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| CARL WILLIAMS,<br><br>  Petitioner,<br><br> v.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | CRIMINAL ACTION NO.: 4:22-cr-138 |

**O R D E R**

After a careful *de novo* review of the entire record, the Court concurs with the Magistrate Judge's July 24, 2024, Report and Recommendation, (doc. 90), to which Petitioner has objected, (doc. 91). For the reasons explained below, Williams' Objection is **OVERRULED**. (Doc. 91.) The Court **ADOPTS** the Report and Recommendation as its opinion, as supplemented below. (Doc. 90); see, e.g., 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."). Williams' 28 U.S.C. § 2255 motion, (doc. 89), is **DISMISSED**. The Clerk is **DIRECTED** to **CLOSE** the associated civil action case number 4:24-cv-147.

While the Court adopts the Magistrate Judge's reasoning in full, the Court enters this Order, which retreads much of the same ground, to address what appears to be a persistent ambiguity in Williams' filings. Williams' filings, and his Objection in particular, indicate his desire to pursue an appeal to challenge what he acknowledges is unfavorable binding precedent. However, his filings appear to misunderstand the procedural posture of his claims. To the extent that Williams intends to pursue his claims further, it is incumbent upon the Court to address that apparent

misunderstanding and make its holdings precise and clear. While, as discussed in more detail below, the Court acknowledges the existence of a potential constitutional dispute, Williams' failure to raise that dispute on direct appeal precludes his raising it now. Moreover, despite the possibility for reasonable disagreement on the constitutional issue, the Court does not find any room for reasonable disagreement concerning the procedural barrier to Williams raising the issue.

Carl Williams was convicted after pleading guilty to a single count of possession of a firearm by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(1) and 922(a)(2). (Doc. 68, p. 1.) He did not appeal. (See, e.g., doc. 89, p. 3.) He moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, (doc. 89), and the Magistrate Judge conducted the screening required by Rule 4 of the Rules Governing Section 2255 Proceedings and recommended that it be dismissed, (doc. 90). Williams timely objected to the Magistrate Judge's Report and Recommendation. (Doc. 91.) In reviewing objections to a Magistrate Judge's Report and Recommendation, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Although a party who fails to object to factual and legal conclusions waives the right to challenge those conclusions, such findings may be reviewed for "plain error or manifest injustice." See, e.g., Smith v. Marcus & Millichap, Inc., 106 F.4th 1091, 1097 (11th Cir. 2024).

The Court's consideration of the Magistrate Judge's Report and Recommendation and Williams' objections begins, as the Magistrate Judge's analysis did, by identifying the specific grounds asserted in the Motion. (See doc. 90, p. 2.) Such specification is particularly necessary here because, although the Motion clearly and explicitly asserts two claims, (doc. 89, pp. 5-7), Williams' brief explicitly conflates those claims, (see doc. 89-1, p. 4). As the Magistrate Judge noted, the Court's conflation of the grounds would contravene the Court of Appeals' clear

instructions. (See doc. 90, pp. 2-3 (citing Siler v. United States, 852 F. App'x 490, 493 (11th Cir. 2021); Clisby v. Jones, 960 F.2d 925 (11th Cir. 1992).)  Moreover, Williams' conflation of the two claims persists in his Objection, even though less explicitly. (See generally doc. 91.) Ground One of Williams' Motion asserts that his "trial counsel was ineffective for failing to challenge the constitutionality of 18 U.S.C 922(g)(1) in the district court and he failed to appeal to challenge the constitutionality of the statute." (Doc. 89, p. 5).  Ground Two asserts that "18 U.S.C. 922(g)(1) is unconstitutional as applied to petitioner because his prior conviction was for a non-violent offense." (Id., p. 6.)  The Magistrate Judge referred to the claims, respectively, as "the ineffective assistance claim," and "the constitutional challenge." (See doc. 90 at 3.)  The Magistrate Judge recognized the importance of maintaining a rigorous distinction between the grounds because, in addition to discharging the Court's obligation, they are subject to distinct conceptual rubrics. (Id.)  He, therefore, proceeded to consider Ground Two, "the constitutional challenge," first, and Ground One, "the ineffective assistance claim," second. (Id.)

The Magistrate Judge explained that Williams' constitutional challenge to § 922(g), as applied to him, fails on its merits because the Eleventh Circuit has repeatedly and explicitly rejected that argument. (Doc. 90, pp. 6-9.)  Williams concedes the accuracy of that analysis in his Objection, stating that "[h]e files this Objection to preserve his Objection that as applied challenge to Section 922(g)(1) by one previously convicted of a non-violent offense violates the Second Amendment." (Doc. 91, p. 5.)  Williams' Objection also asserts, albeit implicitly, that the constitutionality of § 922(g), as applied to non-violent felons, remains a subject upon which reasonable jurists might disagree. (Id., p. 7 (citing Range v. Attorney Gen. of the U.S., 69 F.4th 96 (3d Cir. 2023), vacated and remanded 2024 WL 3259661 (U.S. July 2, 2024)).)  The Court agrees that, notwithstanding the overwhelming weight of the Eleventh Circuit's rejection of that

3

argument, room for reasonable disagreement remains. However, any reasonable disagreement over the merits of Williams' constitutional challenge is, ultimately, irrelevant because the procedural barriers to his raising that argument now are clear beyond any reasonable dispute.

Before discussing the merits of Ground Two, the Magistrate Judge explained that it is procedurally defaulted because Williams failed to raise it on direct appeal. (Doc. 90, pp. 3-4.) The Eleventh Circuit has explained that "a 'procedural default' occurs when a defendant raises a new challenge to his conviction or sentence in a § 2255 motion." Seabrooks v. United States, 32 F.4th 1375, 1383-84 (11th Cir. 2022). "If a defendant fails to raise an issue on direct appeal, he may not present the issue in a § 2255 proceeding unless his procedural default is excused." Id. at 1384 (citation omitted). To excuse a procedural default, "a defendant must show either (1) cause and prejudice, or (2) a miscarriage of justice, or actual innocence." Id. (citations omitted). The Magistrate Judge relied on persuasive authority concluding that the constitutional nature of Ground Two of Williams' Motion did not preclude the application of the procedural default rule. (Doc. 90, p. 4 (citing United States v. Hernandez, 497 F. Supp. 3d 548, 550-51 (N.D. Cal. 2020) (discussing cases from the Seventh, Eighth, Ninth, and District of Columbia Circuits and rejecting the argument that "a challenge to the constitutionality of a statute of which a defendant is convicted could always be raised in a § 2255 motion even if there was no exhaustion.")). Williams does not object to the Magistrate Judge's conclusions that he did not raise his constitutional challenge on direct appeal or that, as a result of that failure, Ground Two of his Motion is procedurally defaulted. (See generally doc. 91.) The Court does not find either of those conclusions to be clearly erroneous.

The Magistrate Judge went on to consider whether Williams had alleged "cause and prejudice" sufficient to excuse his procedural default. (Doc. 90, pp. 4-5.) The Magistrate Judge

4

explained that "Williams' assertion[s] that his trial counsel provided ineffective assistance and that there has been a recent change in the law both bear on whether he can show cause for his procedural default." (Id., p. 5.) He then concluded that neither the ineffective assistance claim nor the assertion of novelty were sufficient to establish cause to excuse the procedural default. (Id., pp. 5-6.) Conceptually, the assertion of ineffective assistance to excuse procedural default is distinct from a free-standing challenge to the validity of a conviction because counsel provided ineffective assistance. Cf. Cervantes-Coronado v. United States, 2016 WL 310435, at *9 n. 3 (E.D. Tenn. Jan. 25, 2016) (noting "[p]etitioner appears to raise this ineffective assistance claim as both a basis for excusing procedural default . . . and as a free-standing basis for collateral relief under § 2255."); United States v. Hyde, 2008 WL 1809135, at *3 (E.D. Va. Apr. 18, 2008) ("the Defendant may prove ineffective assistance of counsel either as a ground for cause . . . or as a free-standing claim for relief." (internal quotation marks, alterations, and citation omitted)). Although the two purposes of an ineffective assistance claim are distinct, they are subject to the same standard. See, e.g., Brown v. United States, 720 F.3d 1316, 1333 (11th Cir. 2013) ("Constitutionally ineffective assistance of counsel can constitute cause," to excuse a procedural default; "[i]n order to do so, however, the claim of ineffective assistance must have merit." (internal quotation marks and citations omitted)).

Williams first objects "to the Magistrate Judge's [c]onclusion that his [c]laim of [i]neffective [c]ounsel [sic] for [f]ailing to [c]hallenge the [c]onstitutionality of 18 U.S.C. § 922(g)(1) is [p]rocedurally [d]efaulted." (Doc. 91, p. 4.) That objection is obviously meritless because the Magistrate Judge did not conclude that the ineffective assistance claim, asserted in Ground One, was procedurally defaulted. (Doc. 90, p. 9 ("Ground One, Williams' claim that his trial counsel provided ineffective assistance for failing to challenge the constitutionality of

5

§ 922(g)(1), is not procedurally defaulted." (emphasis added).)  As asserted, therefore, Williams' Objection is **OVERRULED**.

What Williams appears to dispute in his Objection is not the Magistrate Judge's analysis of his free-standing ineffective assistance of counsel claim at all; it is the analysis of whether his assertions of novelty or ineffective assistance could support a finding of cause sufficient to excuse his procedural default of Ground Two, the constitutional claim.  (See doc. 91, p. 4.)  Even transposed into the proper conceptual framework, however, the substance of the objection is, charitably, obscure.  It expressly cites the Magistrate Judge's conclusion that purported novelty of a constitutional challenge could not excuse the procedural default, because the argument was "available" to Williams on direct appeal.  (Id. (citing doc. 90, p. 6).)  He purports to object to that conclusion because his trial counsel noted "his belief that the crime for which Mr. Williams was being sentenced was unconstitutional."  (Id., (citing doc. 72, pp. 20, 23).)  However, counsel's recognition of the argument at Williams' sentencing does not rebut the Magistrate Judge's conclusion that the argument was available, it positively confirms it.  See, e.g., Granda v. United States, 990 F.3d 1272, 1286 (11th Cir. 2021) ("Where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim." (internal quotation marks and citation omitted)).  Williams' counsel's express recognition of the possibility of such a claim absolutely belies any assertion that its novelty provides cause to excuse the procedural default.  Again, as it is asserted, Williams' objection to the Magistrate Judge's conclusion that novelty does not excuse his procedural default of Ground Two is **OVERRULED**.

Despite the reference to the Magistrate Judge's analysis of whether the claim was sufficiently novel to excuse the procedural default, Williams' proceeds to dispute counsel's

ineffectiveness. (Doc. 91, p. 4 ("Thus, Mr. Adkins understood that the law was evolving and argued that non-violent offenders like Mr. Williams are protected by the Second Amendment. [Cit.] But Mr. Adkins was ineffective in failing to raise a claim that by [sic] an attack on the indictment.") (citation omitted).) Although the Magistrate Judge incorporated his subsequent discussion of the merits of Williams' free-standing ineffective assistance claim in concluding that it could not support cause to excuse the procedural default of the constitutional claim, he did not confuse the analyses. (Doc. 90, pp. 5-6 ("As discussed below, Williams' ineffective assistance claim fails on its merits. It, therefore, does not provide cause to excuse his procedural default of his constitutional challenge.").) Since, as noted above, whether an ineffective assistance claim provides cause to excuse a procedural default depends upon the merits of that claim, see, e.g., Brown, 720 F.3d at 1333, the Court will proceed to consider them.

The Magistrate Judge correctly recited the standard applicable to ineffective assistance of counsel claims. (See doc. 90, p. 10.) Williams does not dispute the applicable standard in his Objection. (See generally doc. 91.) As relevant here, the Supreme Court has explained that "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland v. Washington, 466 U.S. 668, 690 (1984) (emphasis added). As the Magistrate Judge pointed out, reasonableness "is an objective inquiry," and counsel's performance is unreasonable only if "no counsel would have taken the action that . . . counsel did take." (Doc. 90, p. 10 (quoting Chandler v. United States, 218 F.3d 1305, 1315 (11th Cir. 2000) (internal quotation marks omitted)). As the Seventh Circuit succinctly stated, "the question is not whether the lawyer's work was error-free, or the best possible approach, or even an average one, but whether the defendant had the 'counsel' of which the sixth amendment speaks." Stephenson v. Wilson, 619 F.3d 664, 666 (7th Cir. 2010) (Posner, J.).

Williams' implicit contention that § 922(g)'s constitutional infirmity is so clear that his counsel was constitutionally ineffective for failing to assert it is belied by a veritable mountain of authority. See, e.g., United States v. Langston, ___ F.4th ___, 2024 WL 3633233, at *7 (1st Cir. Aug. 2, 2024) (finding no clear error in conclusion that § 922(g) was constitutional as applied to non-violent felon and noting, "[m]ost importantly, the Supreme Court's majority opinion in Rahimi, joined by eight justices, once again identified prohibitions on the possession of firearms by felons as 'presumptively lawful.' (citation omitted)). To the extent that some reasonable counsel would have regarded an as-applied challenge to the constitutionality of § 922(g) as quixotic, and would still today, there is no plausible contention that Williams' counsel was ineffective for failing to raise the argument.

As the Magistrate Judge explained, the high standard for finding counsel's performance ineffective precludes "Monday morning quarterbacking." (Doc. 90, pp. 11-12.) Counsel is simply not ineffective for failing, or declining, to make an argument in anticipation of a change in the law. (Id. (collecting cases).) Williams' Objection attempts to suggest that "this is not a claim where trial counsel could not have anticipated a change in the law." (Doc. 91, p. 6.) But, as he acknowledges, that claim he argues counsel was ineffective for failing to make "is against controlling Eleventh Circuit authority." (Id., p. 5.) The fact that the argument was, and as discussed below remains, contrary to controlling authority means precisely that trial counsel would have had to anticipate a change in the law to assert it. Williams' counsel's personal belief that § 922(g) is unconstitutional, (doc. 91, p. 6), is simply irrelevant, given the Eleventh Circuit's clear, emphatic, and repeated determinations to the contrary. Even crediting Williams' implicit contention that some reasonable counsel would have pursued the proposed as-applied

8

constitutional challenge, he has certainly not shown that declining to do so was objectively unreasonable. His objection is, therefore, **OVERRULED**.

Finally, Williams objects to the Magistrate Judge's conclusion that no certificate of appealability should issue. (Doc. 91, pp. 6-7.) As the Supreme Court has explained, district courts' consideration of whether to issue a certificate of appealability differs depending upon whether a claim was dismissed on its merits or on procedural grounds. See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). For claims dismissed on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 484. For claims dismissed on procedural grounds, the inquiry "has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Id. at 484-85. In such cases, a certificate should issue based on a showing "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484. In short, Williams "must show that reasonable jurists would find debatable both (1) the merits of the underlying claim, and (2) the procedural issues that he seeks to raise." Vaughn v. United States, 2024 WL 3051284, at *1 (11th Cir. May 30, 2024) (emphasis added). If the Court concludes that a certificate of appealability should issue, it "must specify what constitutional issue jurists of reason would find debatable." Spencer v. United States, 773 F.3d 1132, 1138 (11th Cir. 2014). As explained above, Williams' constitutional claim, Ground Two, was decided on procedural grounds and on its merits. His ineffective assistance claim, Ground One, was decided solely on its merits. The

two claims are, therefore, subject to distinct analysis for purposes of evaluating whether a certificate of appealability should issue.

Williams' objection to the Magistrate Judge's conclusion that no certificate of appealability should issue arises from the same confusion between the distinct contexts of his assertions of ineffective assistance discussed above. Williams identifies the "constitutional issue" that he contends reasonable jurists would find debatable as "whether he was denied the effective assistance of counsel in failing to raise an as applied challenge to Section 922(g)(1) premised upon a non-violent felony conviction . . . ." (Doc. 91, p. 7.) Williams' ineffective assistance claim, Ground One, is resolved on its merits. Thus, the only question is whether Ground One raises a constitutional issue reasonable jurists would regard as debatable. His argument, such as it is, amounts to the claim that reasonable jurists would find debatable whether § 922(g)(1), as applied to felons convicted of non-violent offenses, violates the Second Amendment. (Id.) As everyone agrees, there is no debate that that claim is foreclosed by binding Eleventh Circuit precedent. Even assuming that there remains room for reasonable disagreement about the merits despite that concededly binding precedent, its very uncertainty—to put it charitably, cf. United States v. Jackson, ___ F.4th ___, 2024 WL 3711155, at *4-*7 (8th Cir. Aug. 8, 2024) (concluding that non-violent felon "is not a law-abiding citizen, and history supports the authority of Congress to prohibit possession of firearms by persons who have demonstrated disrespect for legal norms of society.")—renders the disposition of the ineffective assistance claim beyond reasonable dispute. In the fullness of time, it may be that Williams' trial counsel, and his current counsel's, contentions concerning the constitutionality of § 922(g)(1), as applied to non-violent felons, are vindicated.

But no reasonable jurist would find it debatable that attorneys were not constitutionally ineffective for declining to raise claims that are foreclosed by binding authority.

Although Williams does not dispute the recommendation that no certificate of appealability issue as to the constitutional claim, Ground Two, several of the arguments discussed above imply that he seeks to advance that claim on appeal.  (See, e.g., doc. 91, p. 5.)  The disposition of Ground Two was based both on its procedural default and its merits.  (See, e.g., doc. 90, p. 13.)  In order to merit a certificate of appealability, then, Williams must show that both the underlying merits and the procedural determination are debatable.  Again, the Court accepts his contention that reasonable debate remains concerning the constitutionality of § 922(g) as applied to felons whose underlying felony was non-violent; however, Williams has not shown that reasonable jurists would find debatable his failure to excuse his procedural default.  As explained above, it is clear beyond debate that the fundamental framework of his argument, as it arises from Bruen, was available to his counsel for purposes of appeal.  It is also clear beyond debate that Williams' counsel was not ineffective for failing to advance an argument that had been, and continues to be, rejected in the Eleventh Circuit.  Williams, therefore, has not shown that reasonable jurists would find the procedural basis for dismissing Ground Two debatable.  Therefore, no certificate of appealability is appropriate as to the disposition of that Ground.

Although the Magistrate Judge's analysis is fully sufficient to justify his recommendation that Williams' Motion be dismissed, there is an independently sufficient alternative reason for dismissal.  Williams pleaded guilty to the § 922(g) charge at issue.  (See doc. 68, p. 1.)  "A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained."  Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992).  While

some courts have recognized that facial challenge to the statue of conviction is not waived by a guilty plea, an as-applied challenge does not implicate the Court's jurisdiction.  See, e.g., United States v. Morgan, 230 F.3d 1067, 1071 (8th Cir. 2000) (recognizing exception to waiver for facial constitutional challenges, but stating "[n]o court has applied the exception to a claim . . . that a statute is unconstitutional as applied."); United States v. Feaster, 394 F. App'x 561, 564 (11th Cir. 2010) (finding as-applied constitutional challenge, based on the sufficiency of the Government's jurisdictional evidence, waived by defendant's guilty plea); United States v. Madera-Lopez, 190 F. App'x 832, 834 (11th Cir. 2006) (citing United States v. Sepe, 474 F.2d 784, 788 (5th Cir. 1973)) ("We further have held . . . that even when a defendant pleads guilty, a jurisdictional exception exists for cases in which the accused is challenging the constitutionality of the statue . . . under which he is charged." (internal quotation marks omitted)); English v. United States, No. 2:24-cv-490-SPC-NPM, 2024 WL 2815638, at *2 (M.D. Fla. June 3, 2024) ("By pleading guilty, [Defendant] waived any argument that 18 U.S.C. §§ 922(g)(1) and 924(a)(2) are unconstitutional as applied to him.").  Accordingly, even if Williams' as-applied constitutional challenge to § 922(g) were not contrary to binding, albeit disputable, authority and procedurally defaulted, he waived it by pleading guilty.

In summary, Ground One of Williams' § 2255 Motion, asserting his counsel provided ineffective assistance for not asserting an as-applied challenge to § 922(g), fails on its merits because that decision was not objectively unreasonable.  Ground Two of Williams' Motion, asserting that § 922(g) is unconstitutional as applied to him, fails for three independently sufficient reasons: (1) it is procedurally defaulted, and Williams' arguments that its procedural default is

excused either by novelty or by counsel's ineffective assistance both fail; (2) he waived the argument by pleading guilty; and (3) given binding Eleventh Circuit precedent, it fails on its merits. Thus, after careful <u>de</u> <u>novo</u> review of the entire record, therefore, the Court **ADOPTS** the Report and Recommendation as its opinion, as supplemented above.  (Doc. 90.)  Williams' 28 U.S.C. § 2255 motion, (doc. 89), is **DISMISSED**.   The Clerk is **DIRECTED** to **CLOSE** the associated civil action case number 4:24-cv-147.

As discussed above, there are no discernable issues worthy of a certificate of appeal. Therefore, the Court **DENIES** the issuance of a Certificate of Appealability.  Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court likewise **DENIES** Williams *in forma pauperis* status on appeal.  The Court **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

**SO ORDERED**, this 19th day of August, 2024.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA